**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAITLIN RYERSON, | : |
| Plaintiff, | : |
| | : Civil Action No. 06-1214 (JAG) |
| v. | : |
| | : **OPINION** |
| STATE OF NEW JERSEY, et al., | : |
| Defendants. | : |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on Defendants'[1] motion to dismiss Plaintiff Caitlin Ryerson's ("Plaintiff") Second Amended Complaint (the "SAC"), pursuant to FED. R. CIV. P. 12(b)(6), on the grounds of abstention, and for failure to comply with the procedural requirements for filing a Title VII claim. In the alternative, Defendants seek dismissal of the

---

[1] The movants are Richard Ricco, Sergeant Michael Rogers, Lieutenant Cathi Fenske, Detective Charles Brady, Michael Rubbinaccio, Joseph Devine, Robert Weber and Melanie Smith (the "MCPO Defendants"). Defendants Town of Dover, Borough of Lincoln Park, Township of Montville, Township of Mount Olive, Rockaway Township, Edward O'Rourke, Stephen Zoeller, Charles Tremblay, Jessica Groblewski, John Czohla and Marcy Lerner submitted a letter dated March 26, 2007 joining in the motion to dismiss. (Docket Entry No. 66.) Defendants State of New Jersey and the State of New Jersey Attorney General submitted a separate letter, also dated March 26, 2007, joining in the motion. (Docket Entry No. 67.) Defendant County of Morris submitted a letter dated March 28, 2007 joining in the motion. (Docket Entry No. 68.) Defendants Township of Washington (Morris County) and Officer Susan Gilligan submitted a letter dated March 29, 2007 joining in the motion to dismiss. (Docket Entry No. 69.) Having found that all of the named defendants in this Action have joined in the MCPO Defendants' motion to dismiss, this Opinion will refer to all of the aforementioned defendants as "Defendants."

SAC, pursuant to FED. R. CIV. P. 8(a)(2), for failure to make a short and plain statement of the claims.

For the reasons set forth below, Defendants' motion to dismiss Plaintiff's Title VII claim will be granted. The remaining claims raised in the Complaint will be stayed until a final disposition is reached in the state criminal proceeding against Plaintiff.

## I. STATEMENT OF FACTS

In 1989, Ryerson was arrested and pled guilty to engaging in prostitution under N.J. STAT. ANN. § 2C:34-1.[2] (SAC ¶ 15.) Ryerson was arrested again in March of 2004 for engaging in prostitution, in violation of N.J. STAT. ANN. § 2C:34-1. (SAC ¶¶ 118-20.) After Ryerson's 2004 arrest, the Morris County Prosecutor's Office (the "MCPO") transferred the matter from the Rockaway Municipal Court to the Superior Court in Morris County, as a fourth degree indictable offense under N.J. STAT. ANN. § 2C:34-1(b)(1) and § 2C:34-1(c)(4).[3] The matter was presented to the Morris County Grand Jury, which returned an indictment for the fourth degree indictable offense of engaging in prostitution by an individual who has a prior conviction for such an offense.

On March 21, 2006, Judge Salem V. Ahto, J.S.C., dismissed, without prejudice, the indictment charging a fourth degree offense. Judge Ahto believed that Ryerson's 1989 offense

---

[2]N.J. STAT. ANN. § 2C:34-1 provides that an individual engages in prostitution if she partakes in "sexual activity with another person in exchange for something of economic value, or the offer or acceptance of an offer to engage in sexual activity in exchange for something of economic value." N.J. STAT. ANN. § 2C:34-1(a)(2).

[3]N.J. STAT. ANN. § 2C:34-1(c)(4) provides that a second offense of N.J. STAT. ANN. § 2C:34-1b(1), i.e., engaging in prostitution, or conviction for such an offense, constitutes a crime of the fourth degree.

should not be considered a first offense for purposes of N.J. STAT. ANN. § 2C:34-1(c)(4). Judge Ahto also denied the state's motion for reconsideration of his order dismissing the indictment.

On April 7, 2006, the MCPO filed a motion for leave to appeal, which was granted by the New Jersey Superior Court, Appellate Division on May 2, 2006. On February 26, 2007, the Appellate Division issued a decision reversing the order dismissing the indictment. State v. Gelman, No. A-4416-05T2, 2007 WL 561542 (N.J. Super. Ct. App. Div. Feb. 26, 2007).[4] On September 11, 2007, the New Jersey Supreme Court granted Plaintiff leave to appeal the lower court's decision. State v. Gelman, 932 A.2d 26 (2007). As of the date of this Opinion, the parties have not submitted any documents indicating that the New Jersey Supreme Court has ruled upon the appeal.

## II.  DISCUSSION

### A.    Legal Standard Governing Motions To Dismiss Under Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007) (abrogating Conley, 355 U.S. 41). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. See

---

[4] According to the caption in the state court proceeding, Plaintiff was formerly known as Janet Gelman.

Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994).  The court may also consider documents attached to or specifically referenced in the complaint, and matters of public record.  See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357.  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

> While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations.  See Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n.8 (3d Cir. 1997).  All reasonable inferences, however, must be drawn in the plaintiff's favor.  See Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987).  Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist.  See FED. R. CIV. P. 8(a)(2); Conley, 355 U.S. at 45-46.  "The defendant bears the burden of showing that no claim has been presented."  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

**B.     Title VII**

Defendants argue that Plaintiff's claim under Title VII should be dismissed because

4

Plaintiff failed to file an administrative claim with the Equal Employment Opportunity Commission (the "EEOC"), prior to initiating this Action.  A plaintiff may not file a Title VII suit in federal court without first exhausting all avenues for redress at the administrative level, pursuant to 42 U.S.C. § 2000e-16(c).  Francis v. Mineta, 505 F.3d 266, 272 (3d Cir. 2007); Doe v. Winter, 2007 WL 1074206, at *4 (E.D. Pa. Apr. 5, 2007).  This prerequisite, akin to a statute of limitations, mandates dismissal of the Title VII claim if Plaintiff files the claim before receiving a right to sue notice.  Story v. Mechling, 214 Fed. App'x 161, 163 (3d Cir. 2007) (holding that plaintiff may not proceed with Title VII claim because he neither received a right to sue letter nor submitted evidence indicating that he requested a right to sue letter); Burgh v. Borough Council of Borough of Montrose, 251 F.3d 465, 470 (3d Cir. 2001).  Without first affording the EEOC an opportunity to review and conciliate the dispute, plaintiff may not seek relief in federal court for his Title VII claim.  Burgh, 251 F.3d at 470.

Although Plaintiff contends that she filed an administrative claim with the EEOC, Plaintiff does not dispute that she has not received a right to sue notice.  (Pl. Br. 15-16.)  Absent such permission to initiate a federal action, Plaintiff may not litigate her Title VII claims in this Court at this time.  Accordingly, Plaintiff's Title VII claims will be dismissed, without prejudice.

**C.     Absention**

Defendants argue that this Court should abstain from deciding this case under the Younger abstention doctrine or, in the alternative, under the Colorado River abstention doctrine.

1.     *Younger* Abstention

Defendants argue that the Supreme Court's decision in Younger v. Harris, 401 U.S. 37 (1971) compels this Court to abstain from adjudicating this matter because there now exists a

pending criminal proceeding against Plaintiff. The Younger abstention doctrine urges federal courts to refrain from interfering with state criminal proceedings. Younger, 401 U.S. at 49. The Younger doctrine applies when (1) there is a parallel state court proceeding that is pending or ongoing; (2) the state proceeding implicates an important state interest; and (3) the state proceeding affords an adequate opportunity for plaintiff to raise constitutional issues. Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 192 (3d Cir. 2006). When determining whether abstention is warranted under Younger, courts examine whether there exists a parallel proceeding pending in state court *at the time the complaint was filed*. See Steffel v. Thompson, 415 U.S. 452, 462 (1974).

On March 15, 2006, when Plaintiff filed the original Complaint, there was no parallel state court proceeding. The criminal action Plaintiff currently faces in state court did not constitute a pending parallel proceeding under the Younger abstention doctrine because the indictment against Plaintiff had been dismissed at the time the Complaint was filed. Even though the Appellate Division has since reinstated the indictment, the procedural posture of the criminal action on March 15, 2006 remains unchanged. By filing the Complaint after the indictment was dismissed, Plaintiff strategically avoided dismissal of her claims under the Younger abstention doctrine.

      2.     *Colorado River Abstention*

Despite the inapplicability of the Younger abstention doctrine, a stay should be imposed in this case, pursuant to the Colorado River abstention doctrine. The Supreme Court's decision in Colorado River empowers courts to abstain from adjudicating federal cases, in exceptional circumstances, when there is a parallel proceeding pending in state court, even if the case does

not fall into any of the traditional abstention categories.  Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).  The Colorado River abstention doctrine "rests on considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  Id.

The Supreme Court recited in Colorado River what is now called the "exceptional-circumstances test," for courts to use when determining whether they should stay or dismiss an action in favor of a state court proceeding.  See Ingersoll-Rand Fin. Corp. v. Callison, 844 F.2d 133, 136 (3d Cir. 1988).  Courts evaluate the following six factors under the exceptional-circumstances test:

> (1) whether either court has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the avoidance of piecemeal litigation, (4) the order in which the courts obtained jurisdiction, (5) which forum's substantive law governs the merits of the litigation, and (6) the adequacy of the state forum to protect the parties' rights.

Marcus v. Twp. of Abington, No. 93-CV-4620, 1993 WL 534279, at *3 (E.D. Pa. 1993) (citing Ingersoll-Rand, 844 F.2d at 136).

Due to the reinstatement of the indictment, there now exists a state court proceeding in which Plaintiff may both challenge the constitutionality of N.J. STAT. ANN. § 2C:34-1[5] and present evidence supporting her sexual harassment allegation.  The existence of identical issues in both proceedings[6] compels this Court to apply the exceptional-circumstances test to determine

---

[5] Plaintiff's appeal of the reinstated indictment may challenge the constitutionality of N.J. STAT. ANN. § 2C:34-1.  In addition, Plaintiff may file, at the appropriate time, a pre-trial motion to dismiss the indictment, arguing that N.J. STAT. ANN. § 2C:34-1 is unconstitutional.

[6] Plaintiff's Title VII claims arguably are not identical to the issues raised in the state criminal proceeding.  However, because Plaintiff's Title VII claims are procedurally deficient

whether abstention is warranted.

        a..      <u>Assumption of jurisdiction over property</u>

The weight accorded to this factor is neutral, since neither the state nor the federal proceedings involve the assumption of jurisdiction over any property.

        b.      <u>Inconvenience of federal forum</u>

This factor likewise does not impact this Court's analysis under the exceptional-circumstances test, as New Jersey's state courts are no more convenient to the parties than this Court.

        c.      <u>Avoidance of piecemeal litigation</u>

A stay or dismissal of this case would avoid piecemeal litigation of the overlapping issues in the state and federal cases. Plaintiff invariably will have the opportunity to challenge the constitutionality of N.J. STAT. ANN. § 2C:34-1 in the state criminal proceeding, which will result in duplicative litigation if this federal case proceeds. See <u>Marcus</u>, 1993 WL 534279, at *4, <u>appeal dismissed</u>, 38 F.3d 1367 (3d Cir. 1994). In contrast, if this Court imposes a stay on this case until the state criminal proceeding has been completed, "it is possible that a final resolution of the dispute in state court will obviate the need for the federal proceeding." <u>Id.</u>

In addition, adjudication of Plaintiff's federal claims in this Court and in the state criminal action may lead to inconsistent decisions. If this Court ruled in favor of Plaintiff in her federal case, the judgment declaring N.J. STAT. ANN. § 2C:34-1 unconstitutional may frustrate the prosecution of Plaintiff in state court. See <u>Hudson v. Chicago Police Dept.</u>, 860 F. Supp.

---

and warrant dismissal, this Court need not take them into consideration when determining whether the state criminal proceeding is parallel to this federal action.

521, 522 (N.D. Ill. 1994) (holding that abstention was warranted until criminal proceeding was complete and stating that "[i]f this court allowed this complaint to proceed, a judgment in favor of Hudson would . . . undermin[e] any conviction that may be had in Hudson's trial"). Indeed, the Complaint states that Plaintiff seeks a declaration from this Court that all convictions under New Jersey's anti-prostitution statutes are void, a judgment that invariably would amount to an injunction halting the state proceeding. (Compl. ¶ 204.) Similarly, a ruling on Plaintiff's sexual harassment allegations may be at odds with the findings of fact reached by the jury in the state trial. These potential problems counsel in favor of abstention.

        d.     Order in which courts obtained jurisdiction

It is unclear which came first: the criminal case or this federal case. Arguably, Plaintiff's indictment preceded the filing of her federal lawsuit, as Plaintiff was initially indicted by a grand jury in 2004. However, the resultant dismissal of the indictment by Judge Ahto highlights that Plaintiff commenced this federal action before Plaintiff's indictment was reinstated by the Appellate Division's February 26, 2007 decision.

Nevertheless, Colorado River abstention is not measured by which complaint was filed first, but by how much progress has been made in the two actions. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983). Consequently, this factor weighs in favor of abstention, for neither the federal nor the state proceedings have made substantial progress. This Court entered an order on October 30, 2006 staying all discovery until the motion to dismiss filed by the State of New Jersey and the New Jersey State Attorney General (the "First Motion To Dismiss") had been resolved. Approximately two weeks after this Court ruled upon the First Motion to Dismiss, the MCPO Defendants filed the instant motion, which in effect

9

extended the stay on discovery.  A decision by this Court to stay or dismiss this federal case would not interrupt extensive developments in the federal case.

      e.      <u>Substantive law governing merits of litigation</u>

The substantive law of New Jersey will apply in the state criminal proceeding.  Moreover, New Jersey undoubtedly has a strong policy interest in reviewing the propriety of its criminal laws, and should be afforded the opportunity, if requested, to rule first upon the constitutionality of N.J. STAT. ANN. § 2C:34-1.

      f.      <u>Adequacy of state forum to protect parties' rights</u>

The state criminal proceeding is an adequate forum in which Plaintiff may assert her constitutional claims.  Although Plaintiff may continue to pursue her constitutional claims in this Court after the conclusion of the state criminal action, this Court should not permit litigation of these claims at this stage.  <u>See</u> <u>Marcus</u>, 1993 WL 534279, at *5; <u>Hudson</u>, 860 F. Supp. at 522.

      g.      <u>Summary of exceptional-circumstances test findings</u>

Four of the six factors in the exceptional-circumstances test weigh in favor of, and none of the factors counsel against, abstention.  In the interest of wise judicial administration, this Court will abstain from further adjudication of this case.  However, this Court declines to dismiss the Complaint under the <u>Colorado River</u> abstention doctrine; instead, a stay will be imposed halting all proceedings in this case until the resolution of the state criminal proceeding.  This Court will revisit this case after the state criminal action is completed, in order to determine whether the remaining causes of action remain unresolved.[7]

---

[7] This Court expressly provides that the stay imposed on this proceeding is not intended to serve as a final disposition of this Action, as it is possible for Plaintiff's constitutional claims to survive after the resolution of the state criminal proceeding.  <u>See</u> <u>Marcus v. Twp. of Abington</u>,

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Title VII claim will be dismissed based on Plaintiff's failure to receive a right to sue notice prior to commencing this Action.  The remaining claims alleged in the Complaint will be stayed until the pending state criminal proceeding against Plaintiff is completed.

S/Joseph A. Greenaway, Jr.<br>JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: December 18, 2007

---

38 F.3d 1367, 1370 (3d Cir. 1994); <u>Ingersoll-Rand</u>, 844 F.2d at 138.